UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL E. ORSELLO,

Plaintiff,

v.

DIANE ORSELLO,

Defendant.

Civil No. 00-272 (DWF/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)). **(Continued....)**

FILED FEB 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

In the instant case, Plaintiff's IFP application is accompanied by several papers, none of which is clearly identifiable as a complaint. See Fed. R. Civ. P. 8-11 (prescribing the requirements for civil complaints and other pleadings filed in federal court). Giving Plaintiff the benefit of liberal construction, however, as is required in pro se cases, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the Court has reviewed all of Plaintiff's submissions and attempted to integrate them and treat them as a single pleading.

As far as the Court can discern, Plaintiff is attempting to challenge various Minnesota state court rulings relating to child custody and visitation rights. He also appears to be either challenging certain state court restraining orders and/or seeking some type of restraining order of his own – all relating to his state court visitation and custody disputes.

It is well-settled, however, that federal courts, (with the exception of the U.S. Supreme Court), have no authority to review, or interfere with, a state court's orders or decisions -- even where it is alleged that the state court did not act in accordance with the federal constitution. See Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997) (the Rooker-Feldman doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling"). Therefore, to the extent that Plaintiff is seeking relief from some action taken in some prior state court

---

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

proceeding, he has failed to state a claim that is cognizable in federal court.

To the extent that Plaintiff may be seeking some specific new relief from Defendant, (who apparently is his wife or ex-wife), rather than a review of some prior state court action, his claims cannot be entertained for at least two additional reasons. First, even with the benefit of liberal construction, his submissions do not include sufficient factual allegations to determine what type of relief he may be seeking, or why he believes he may be entitled to such relief. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Second, nothing in Plaintiff's submissions suggests that his claims are based on federal law, (see 28 U.S.C. § 1331), or that Plaintiff and Defendant reside in different states, (see 28 U.S.C. § 1332). It therefore appears that the Court would not have subject matter jurisdiction in this case.

Thus, the Court concludes that Plaintiff has failed to state any cause of action on which relief may be granted. It follows that Plaintiff's IFP application must be denied, and that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, it is recommended that Plaintiff's action be certified as frivolous, and not undertaken in good faith, so that Plaintiff will not be eligible for IFP status on appeal. See 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This action be certified as not undertaken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

Dated: February 10, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.